Anne M. Pilot, widow of Edward M. Pilot, Petitioner *v.* Workmen's Compensation Appeal Board (Corning Glass Works), Respondents.

Argued November 13, 1984, before Judges WILLIAMS, JR., BARRY and COLINS, sitting as a panel of three.

*John J. Bagnato,* with him, *Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for petitioner.

*David M. McCloskey, Will & Keisling,* for respondent, Corning Glass Works.

OPINION BY JUDGE WILLIAMS, JR., December 12, 1984:

Anne M. Pilot, the widow of Edward M. Pilot, appeals from an order of the Workmen's Compensation

Appeal Board which reversed the referee's decision awarding benefits on her fatal claim petition. The broad question presented is whether the widow's claim is covered under Section 305.2 of The Pennsylvania Workmen's Compensation Act (Act),[1] the extra-territorial injury provision.

The referee's pertinent, undisputed findings establish the following. Mr. Pilot, a brick mason, was not a regular full-time employe of Corning Glass Works (Corning), which manufactures glass products. For twenty years decedent was on Corning's reserve list of free-lance masons, and was frequently requested, by registered mail, to rebuild glass furnaces at plants throughout the United States. Each registered-letter job offer specifically describes the task, its expected duration, location, hours, pay rate and travel bonus. Corning hires reserve-list, free-lance masons on a job-to-job basis.

By registered letter Corning offered employment to Mr. Pilot, who accepted from his Pennsylvania home. The job offer solely concerned a "tank repair" project, which was scheduled for ten days in January 1976, at Corning's factory in Greenville, Ohio. While working in Ohio, Mr. Pilot was approached by the employer's superintendent of masons and orally offered two jobs at plants in Charleroi, Pennsylvania and Bluffton, Indiana. Decedent immediately accepted the proffered employment, and, upon completing the Ohio project, he worked in Pennsylvania from January 19, 1976 to February 6, 1976, and in Indiana from February 9, 1976 to February 16, 1976. Mr. Pilot suffered a myocardial infarction on February 16, 1976, while cutting silica brick with a wet saw at Corning's Bluffton, Indiana factory. Decedent's

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 9 of the Act of December 5, 1974, P.L. 782, 77 P.S. §411.2.

death, which resulted from the February 16, 1976 incident, occurred on May 10, 1976.

The referee awarded fatal claim benefits to decedent's widow after concluding that her husband's work-related injury in Indiana was entitled to extraterritorial coverage under Section 305.2(a)(2) of the Act, 77 P.S. §411.2(a)(2). The board reversed the referee's order, however, and dismissed the fatal claim petition on jurisdictional grounds.

The controlling provision, Section 305.2(a)(2), provides the following:

> (a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this act, provided that at the time of such injury:
>
> . . . .
>
> (2) He is working under a contract of hire made in this State in employment not principally localized in any state. . . .

The referee's findings support the conclusion that claimant's employment, around the time of his injury, was not principally localized in any state.[2] The principal question, therefore, is whether Mr. Pilot, at the time of his myocardial infarction in Indiana, was working under a contract of hire entered into in Pennsylvania.

---

[2] From 1973 to 1976 the decedent worked for Corning at factories located in Pennsylvania, Indiana, Ohio, West Virginia, Rhode Island, Oklahoma and New York.

Under the Act's place-of-contract test, a contract is created wherever the acceptance occurs. *See Interstate Carriers Cooperative v. Workmen's Compensation Appeal Board (DeSanto)*, 66 Pa. Commonwealth Ct. 288, 443 A.2d 1376 (1982). The referee's findings establish that decedent accepted a job offer in Pennsylvania that was limited to the Ohio project. While in Ohio, Mr. Pilot then accpted the superintendent's oral offer of employment to rebuild furnaces at two plants in Pennsylvania and Indiana. By accepting the proffered jobs, decedent entered into a separate employment contract in Ohio for the work in Pennsylvania and Indiana. When decedent suffered his myocardial infarction in Indiana he was employed pursuant to a contract of hire entered into in Ohio, not Pennsylvania. Consequently, decedent's widow is not entitled to death benefits under the extraterritorial coverage provision of the Act.

We accordingly affirm the decision of the board.

ORDER

AND Now, this 12th day of December, 1984, the order of the Workmen's Compensation Appeal Board at Docket No. A-81820, dated May 26, 1983, is affirmed.