Roger L. Patterson, Petitioner *v.* Workmen's Compensation Appeal Board (Wayne W. Sell Corporation), Respondents.

Argued November 13, 1984, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Eva Bleicht,* with her, *John Mattioni* and *Thomas B. Grier, Mattioni, Mattioni & Mattioni, Ltd.,* for petitioner.

*Francis E. Pipak, Jr., Meyer, Darragh, Buckler, Bebenek & Eck,* for respondents.

OPINION BY JUDGE ROGERS, January 2, 1985:

Roger Patterson has appealed from an order of the Workmen's Compensation Appeal Board (board) affirming a referee's action denying him benefits because he was not the employee of the corporation which he named in his claim petition as his employer.

The claimant, a resident of Ohio, suffered injuries in an accident in Cleveland, Ohio,[1] while he was delivering coal by a tractor-trailer owned by Ray Fluke, identified as the president of Valley Feed & Trucking, Inc. (Valley Feed), an Ohio corporation. Fluke had leased the tractor-trailer to Wayne W. Sell Corporation (Wayne Sell), a Pennsylvania corporation. Valley Feed paid the claimant's wages and reimbursed the claimant for his percentage of the load. Fluke paid the license fees, taxes, fuel, and maintenance of the tractor-trailer. Fluke also selected the driver and could dismiss him. Fluke also instructed the claimant to contact Wayne Sell to solicit the load to deliver in Ohio on the return trip to Ohio. The question in this litigation is that of whether Wayne Sell was the employer as alleged or whether the employer was Valley Feed.

After hearings, the referee found:

3. On December 4, 1981, this Referee issued an Interlocutory Order joining Valley

---

[1] The board correctly set aside the referee's finding that the accident happened in Pennsylvania. It happened in Ohio.

Feed & Trucking, Inc., and Ray E. Fluke as additional party defendants.

. . . .

5. Your Referee finds that the claimant suffered an injury on April 15, 1981 as a result of which he became totally disabled from performing his usual employment duties.

6. Your Referee finds that the Worker's [sic] Compensation Bureau of the Commonwealth of Pennsylvania has jurisdiction over Mr. Fluke and Mr. Fluke's corporation, Valley Feed & Trucking, as a result of his submission to the jurisdiction by appearing at the hearing of November 10, 1981 before this Referee.

7. At the time of the claimant's injury, he was driver of a vehicle owned by Mr. Ray Fluke.

8. Your Referee finds as a fact that in the two month period between February of 1981 and April of 1981, the claimant was employed by Mr. Ray Fluke as a driver on 8-10 jobs.

9. The claimant's check was drawn on the account of Valley Feed, a corporation of which Mr. Ray Fluke is the president.

10. Your Referee finds as fact that the claimant was employed by Valley Feed & Trucking at the time of the incident in question. This finding is based on the testimony of record which indicates that the claimant was under the control of Mr. Fluke and received his pay from Valley Feed & Trucking and further on testimony of record which indicates that claimant was never hired by Wayne Sell Corporation.

The referee concluded that the claimant was not entitled to benefits under The Pennsylvania Work-

men's Compensation Act because he was not Wayne Sell's employee.

On appeal, the board affirmed. the referee's decision, observing that Section 101 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1, describes the Act as applying to injuries occurring within the Commonwealth, irrespective of where the contract of hiring was made, "and extraterritorily as provided by Section 305.2," 77 P.S. §411.2, and that the claimant's case was not one in which any of the conditions of Section 305.2 for benefits for extraterritorial injuries applies. Section 305.2(a) describes four conditions each of which if met would permit an employee injured outside of Pennsylvania to have the benefits of the Pennsylvania Act. None of these four conditions applies in this case because, as to the first condition, the claimant's employment was not principally localized in Pennsylvania and as to the remaining three, because he was not working under a contract of hire by Wayne Sell, the only named employer.[2]

The claimant nevertheless contends that he was Wayne Sell's employee. The board in affirming the referee's determination that Valley Feed was the only employer cited *Jay Lines, Inc. v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 299, 443 A.2d 1370 (1982) and *North Penn Transfer, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 469, 434 A.2d 228 (1981), for the propositions that the existence of an employer-employee relationship must be determined on a case-

---

[2] The board, after correctly deciding that the claimant could not have benefits in this case because he was not Wayne Sell's employee, wrote that it had no jurisdiction because the accident occurred in Ohio and none of the Section 305.2(a) conditions applied. Of course, the result in such a case is not that the board is without jurisdiction but simply that the Pennsylvania Act does not apply.

by-case basis and that the crucial test in determining whether the employee of one person becomes the employee of another is that of whether the latter had the right to control the work to be done by the employee and the manner of its performance.

The well-established principles of *Mature v. Angelo*, 373 Pa. 593, 97 A.2d 59 (1953), provides:

A servant is the employe of the person who has the *right* of controlling the manner of his performance of the work, irrespective of whether he actually *exercises* that control or not. . . .

Where one is engaged in the business of renting out trucks, automobiles, cranes, or any other machine, and furnishes a driver or operator as part of the hiring, there is a factual presumption that the operator remains in the employ of his original master, and, unless that presumption is overcome by evidence that the borrowing employer *in fact* assumes control of the employe's *manner of performing the work,* the servant remains in the service of his original employer. . . .

Facts which indicate that the servant remains the employe of his original master are, among others, that the latter has the right to select the employe to be loaned and to discharge him at any time and send another in his place, that the lent servant has the skill of a technician or specialist which the performance of the work requires, that the hiring is at a rate by the day or hour, and that the employment is for no definite period. . . . (Citations omitted.) (Emphasis in original.)

*Id.* at 596-97, 97 A.2d at 60-61 (1953).

The testimony adduced at the hearings showed the following: (1) Ray Fluke, Valley Feed's president,

owned the tractor-trailer driven by the claimant; (2) before the claimant was injured on April 15, 1981, he had worked about eight or ten jobs for Fluke, who notified the claimant whenever he had a job for the claimant; (3) the claimant was authorized by Fluke to call a broker after making a delivery to inquire whether someone wanted to lease the vehicle for the claimant's return trip to Ohio; (4) Fluke agreed to pay the claimant 25% of the gross amount received from the lessee of Fluke's vehicle; (5) Valley Feed paid the claimant's wages; (6) Fluke instructed the claimant concerning where to pick up loads and where to deliver them; (7) Fluke selected the claimant as his driver and had the general right to hire and fire the claimant; and (8) on the occasion of the trip in question someone at Valley Feed had directed the claimant to telephone Wayne Sell regarding the hauling for Wayne Sell of coal to Ohio.

There was testimony that Wayne Sell's dispatcher instructed the claimant as to the time at which he was to receive Wayne Sell's coal and to call Wayne Sell after delivering the coal in Cleveland. However, there is no evidence that Wayne Sell had the right to control the manner of his delivery of its coal. Wayne Sell did not fix the route and it gave no instructions or other indications of controlling his work. Wayne Sell's vice-president testified that no one required the claimant to undergo a physical examination, which, the witness admitted, is required of employers of drivers by the state and federal statutes. The same witness testified that his company had no "say in the selection of drivers."

In short, the evidence clearly supports the referee's and the board's decision that control of the work remained with Valley Feed.

The claimant argues that the I.C.C. lease agreement, under which Ray Fluke leased his tractortrailer to Wayne Sell, conclusively shows that the claimant was employed by Wayne Sell. We disagree. Although the lease agreement provided that "the leased equipment under this agreement is in the exclusive possession, control, and use of the authorized carrier LESSEE," and that the "LESSOR shall surrender full control, possession, and management of said equipment to the LESSEE during the term of this lease," the facts are that control was not transferred. In *Rugh v. Keystone-Lawrence Transfer and Storage Company,* 197 Pa. Superior Ct. 526, 179 A.2d 242 (1962), the Superior Court wrote: "The fact that control was actually exercised by the owner of the truck and the general employer of the driver might be a matter of such importance in determining that question [of the lessee's liability] as to override the rights to control given under the contract." *Id.* at 535, 179 A.2d at 247.

Order affirmed.

ORDER

AND Now, this 2nd day of January, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.