542 A.2d 658

Guy J. Oliveri, Petitioner v. Workmen's Compensation Appeal Board (I.T.T. Grinnell), Respondents.

Submitted on briefs April 26, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*John D. Hendricks,* for petitioner.

*Michael E. Relich, Fried, Kane, Walters & Zuschlag,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, June 14, 1988:

Guy J. Oliveri (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) dismissing his claim petition for lack of jurisdiction under Section 305.2(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.2(a). We affirm.

In August of 1981, Claimant was an unemployed plumber and member of Local 27 of the Plumber's Union, whose union hall is located in Crafton, Pennsylvania. He was notified by the business manager of his union that the New York local of the Plumber's Union was advertising for plumbers to work a union job at a nuclear power plant in Oswego, New York being built by I.T.T. Grinnell (Employer). Claimant indicated he was available for this job and his business manager so in-

formed the New York local. Claimant was told to report to the New York local's union hall in Oswego. After checking in with the New York local, Claimant was then directed to Employer's construction site where he filled out the necessary social security and employment papers. Claimant worked for Employer at Oswego, New York from August 8, 1981 until November 7, 1981, when he suffered a myocardial infarction while performing heavy plumbing work. His subsequent claim petition was dismissed by the referee for lack of jurisdiction under Section 305.2(a) of the Act.

Section 305.2(a) states in pertinent part:

(a) If an employee, while working outside the territorial limits of this State, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this act had such injury occurred within this State, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this act, provided that at the time of such injury:

. . . .

(2) He is working under a contract of hire made in this State in employment not principally localized in any state . . .

(3) He is working under a contract of hire made in this State in employment principally localized in another state whose workmen's compensation law is not applicable to his employer.

. . .

The referee found that the contract for hire between Claimant and Employer was accepted in Oswego, New York when Claimant signed the necessary documents relating to employment at Employer's office. Since a contract for hire is created wherever the acceptance of

the contract occurs, the referee's determination that such acceptance occurred in Oswego, New York deprived him of jurisdiction to hear the case. *Pilot v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 86 Pa. Commonwealth Ct. 432, 485 A.2d 514 (1984); *Interstate Carriers Cooperative v. Workmen's Compensation Appeal Board (DeSanto)*, 66 Pa. Commonwealth Ct. 288, 443 A.2d 1376 (1982).

Claimant argues that the referee's decision ignores the realities of the union hiring process that the New York local in effect has the authority to hire plumbers on the job, and consequently that the contract for hire was created in Pennsylvania when Claimant accepted the New York local's offer to come to New York and work on the job. We need not address this issue because we agree with the Board's conclusion under *Minus v. Workmen's Compensation Appeal Board (Tastykake Baking Co.)*, 91 Pa. Commonwealth Ct. 281, 496 A.2d 1340 (1985), that Claimant's employment was principally localized in New York.

It is uncontradicted that Claimant was hired only for the job at the Oswego Nuclear Power Plant. Claimant physically worked only at Oswego, New York. Section 305.2(d)(4) of the Act[1] states in pertinent part:

> (4) A person's employment is principally localized in this or another state when (i) his employer has a place of business in this or such other state and he regularly works at or from such place of business. . . .

Claimant's localized employment in New York precludes him from relying on either Section 305.2(a)(2) or (3) even if his contract for hire was made in Pennsylvania, unless he can show that New York's workmen's compensation law is not applicable to Employer. Claimant did

---

[1] 77 P.S. §411.2(d)(4).

148

in fact file a New York workmen's compensation claim (R.R. 33a). Claimant's decision to work solely in New York means he cannot invoke the extraterritorial provisions of the Pennsylvania Act unless he is denied the protection of New York's workmen's compensation laws. *Patterson v. Workmen's Compensation Appeal Board (Wayne W. Sell Corp.)*, 86 Pa. Commonwealth Ct. 608, 485 A.2d 886 (1985); *Loomer v. Workmen's Compensation Appeal Board (Hample Equipment Co.)*, 36 Pa. Commonwealth Ct. 591, 388 A.2d 788 (1978). The order of the Board will be affirmed.

ORDER

Now, June 14, 1988, the order of the Workmen's Compensation Appeal Board at No. A-92067, dated May 26, 1987, is hereby affirmed.