543 ·A.2d 219

Randy Taylor, Petitioner *v.* Workmen's Compensation Appeal Board (Ace Installers, Inc., Beacon Contractors, Inc., Insurance Company of North America), Respondents.

to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Joseph M. Ludwig,* for petitioner.

*Ned Trbovich, Law offices of Daniel F. Lacava,* for respondents, Ace Installers, Inc., and Insurance Company of North America.

*Eugene F. Scanlon, Jr., Dickie, McCamey & Chilcote,* for respondents, Beacon Contractors, Inc. and Insurance Company of North America.

OPINION BY SENIOR JUDGE BARBIERI, June 20, 1988:

Randy Taylor (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) dismissing his claim petition for lack of jurisdiction under Section 305.2(a)(2) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.2(a)(2). We reverse and remand.

Claimant was hired in Coraopolis, Pennsylvania by a Virginia corporation, Ace Installers, Inc. (Ace), to supervise the installation of furniture in hotels in Crystal City, Virginia, from February 12, 1982 until March 20, 1982. Claimant was told by the owner of Ace, Frank Delumba, that he would be working in Virginia at this one job for a limited period of time, but that additional jobs could become available. Claimant was subsequently contacted by Frank Delumba on behalf of another corporation he owned, Beacon Contractors, Inc. (Beacon), and told there was another job available in Dallas, Texas. Claimant accepted this job and worked in Dallas from June 24, 1982 to July 15, 1982. While in Dallas, Claimant was offered and accepted another job in Miami, Florida. Claimant then worked in Miami from August 22, 1982 until September 28, 1982. While in Miami, Claimant was offered yet another job by Beacon in Marco Island, Florida. Claimant accepted this job

and worked in Marco Island from October 26, 1982 until November 24, 1982, when he injured his lower back moving furniture. Claimant subsequently filed a claim petition against both Ace and Beacon which the referee dismissed finding that he had no jurisdiction under Section 305.2(a)(2) of the Act.

Section 305.2(a)(2) states in pertinent part:

(a) If an employee, while working outside the territorial limits of this State, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this act had such injury occurred within this State, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this act, provided that at the time of such injury:

. . . .

(2) He is working under a contract of hire made in this State in employment not principally localized in any state . . .

The referee found that while Claimant was hired for the initial Virginia job by Ace in Pennsylvania, the job at Marco Island in Florida where Claimant was injured represented a separate contract with a separate corporation, namely Beacon, that Claimant accepted while in Miami, Florida. The Board affirmed, noting that a contract of hire is created wherever the acceptance of the contract occurs, and in this case such acceptance occurred in Miami, Florida. *Interstate Carriers Cooperative v. Workmen's Compensation Appeal Board (DeSanto)*, 66 Pa. Commonwealth Ct. 288, 443 A.2d 1376 (1982).

Claimant argues that the referee's finding that each job represented a separate contract as a matter of law is in error. He contends that Ace and Beacon are essen-

tially one and the same entity, that both are controlled by Frank Delumba, and that once hired by Frank Delumba in Pennsylvania, Claimant was simply kept on the payroll and shifted from job to job as needed.[1] We agree with Claimant.

The record discloses that Frank Delumba was a native of Coraopolis, Pennsylvania who frequently returned to the home town gas station where he was formerly employed in order to hire high school acquaintances to move furniture for his various corporations at jobs located throughout the country. (N.T. 7/18/83, pp. 12, 14). The record further indicates that after Claimant was finished with the first job in Virginia, which was intended as a test case, he returned home to Pennsylvania where he was contacted by Frank Delumba to go to Dallas, Texas. (N.T. 7/18/83, p. 4). Once Claimant arrived in Dallas as an employee of Beacon, he was kept on the payroll and consistently paid $250.00 per week from June 24, 1982 until he injured his back in Florida on November 24, 1982, regardless of whether he was actually working or not. (N.T. 3/3/83, pp. 22-23). The Claimant testified he worked as the supervisor for all of the jobs in question and was in charge of hiring and paying the local work crew in each location through wire transfers of funds arranged by Frank Delumba. (N.T. 3/3/83, p. 28; N.T. 7/18/83, p. 5). There would then be a waiting period of two to three weeks between jobs during which Frank Delumba would line up the next job. (N.T. 3/3/83, pp. 22-23). Claimant's living ex-

---

[1] Frank Delumba never appeared or testified in this case despite the efforts of his own counsel to arrange for his testimony. (N.T. 7/20/84, p. 4). The degree of control he exercised over Ace and Beacon is unclear, although Claimant received payments and instructions exclusively from Delumba when he worked for both Ace and Beacon.

penses at all the different locations were paid by Frank Delumba. (N.T. 3/3/83, pp. 47-48).

This testimony establishes an ongoing employment relationship in which Claimant was kept on the payroll to supervise and run the various jobs that his employer, Beacon, shifted him to. It is thus distinguishable from *Pilot v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 86 Pa. Commonwealth Ct. 432, 485 A.2d 514 (1984) which the Board relies on. Claimant's testimony, which was the only testimony presented in the case, establishes that his employment contract with Beacon was consummated in Coraopolis, Pennsylvania in June of 1982, and that this employment relationship never terminated until Claimant injured his back in Florida on November 24, 1982.

The legislature in enacting Section 305.2(a)(2) realized that it would be unjust to compel an intinerant employee injured on the job in a foreign state while working out of a hotel room to return to the foreign state in order to file a claim for compensation. This is precisely the situation that Section 305.2(a)(2) of the Act was intended to rectify. The order of the Board dismissing the claim petition against Beacon is reversed and the case remanded for such further proceedings as are not inconsistent with this opinion.

## ORDER

NOW, June 20, 1988, the order of the Workmen's Compensation Appeal Board at No. A-91234, dated May 8, 1987, is hereby reversed with regard to Beacon Contractors, Inc. and the case remanded for such further proceedings as are not inconsistent with this opinion. Jurisdiction relinquished.