613 A.2d 170

**S.I. INDUSTRIES, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ZON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 15, 1992.

Decided July 29, 1992.

Edward A. McFarland, for petitioner.

Alexander J. Pentecost, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

The employer, S.I. Industries, appeals from a decision of the Workmen's Compensation Appeal Board which affirmed a referee's decision granting disability benefits to the claimant, Steven E. Zon, pursuant to section 305.2(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411.2(a), which governs

injuries occurring extraterritorially; i.e., outside of Pennsylvania.

The issues in this case are: (1) whether the contract of hire between the employer and the claimant was made in Pennsylvania, and (2) whether the contract for hire was for employment not principally localized in any state.

The claimant received injuries during the course of his employment with the employer on September 25, 1985 at a job site in Piketon, Ohio. Thereafter, the claimant filed a claim petition alleging temporary disability from September 26, 1985 to September 30, 1985 and from April 4, 1986 to present.

After a hearing, the referee determined that, although the claimant's injury occurred in Ohio, the extraterritorial provision of the Act applied to the claimant because the employer hired the claimant in Pennsylvania. On appeal, the board remanded the case for a finding as to whether the claimant's contract for employment was for employment not principally localized in any state. On remand, the referee adopted the previous referee's findings of fact. Additionally, the referee found that the claimant worked for the employer under a contract of hire made in Pennsylvania for employment not principally localized in any state. Thereafter, the board affirmed the decision of the referee and this appeal followed.

The facts in this case are as follows. The claimant, who lives in Aliquippa, Pennsylvania, testified that he received a telephone call at his home in August, 1985, from Peter McMichael, the superintendent for the employer. The claimant stated that Mr. McMichael, phoning from his Moon Township, Pennsylvania residence, asked the claimant whether he wanted to work for the employer in Piketon, Ohio as a laborer. The claimant agreed to the job, and arrived in Piketon on August 26, 1985. At the job site, the claimant completed documents provided by the employer, including a W–2 form, and commenced working.

On September 25, 1985, the claimant sustained shoulder, head and back injuries when a backhoe struck him and he fell into a ditch. The claimant notified his employer of the injury

and missed four days of work. Thereafter, the claimant returned to work at the Piketon site until completion of the job on November 16, 1985. Personnel records kept by the employer characterized the claimant's departure as a termination.

On November 18, 1985, the claimant commenced working for the employer at a site in Springfield, Ohio. The employer required the claimant to complete a new set of documents, and the employer treated the claimant's employment as a rehiring. The claimant completed his job on December 6, 1985. Again, the employer treated his departure as a termination.

Later, the claimant completed another set of documents for the employer and commenced work on December 10, 1985, in Lancaster, Pennsylvania. The employer characterized the claimant's employment as a rehiring. The employer terminated the claimant's employment on March 7, 1986, after completion of the Lancaster job.

Thereafter, the claimant filed a petition alleging temporary total disability from September 26, 1985 to September 30, 1985 and from April 4, 1986 to the present. The employer does not contest the claimant's disability. Rather, the employer contends that the board erred in affirming the referee's findings that the claimant worked under a contract of hire made in Pennsylvania for employment not principally localized in any state.

## 1. Contract

In accordance with the applicable provision of section 305.2 of the Act, the claimant must prove that "at the time of [the] injury: ... (2) He is working under a contract of hire made in this State in employment not principally localized in any state,...." Thus, the first requirement of section 305.2 requires the claimant to prove that the contract for hire was made in Pennsylvania.

In accordance with the Act's place-of-contract-test, a contract is created wherever the acceptance occurs. *Interstate Carriers Cooperative v. Workmen's Compensation Appeal Board*, 66 Pa.Commonwealth Ct. 288, 443 A.2d 1376

(1982). In this case, the referee, in determining that the contract for employment occurred in Pennsylvania, relied on the following testimony of the claimant:

Q. How did you find out about that job?

A. Pete McMichaels called me.

Q. He called you from where?

A. From home.

Q. From his house?

A. Yes.

Q. Where does he live?

A. He lives in Moon Township, I think.

Q. Would you repeat the conversation that you and he would enter into when he called you about this job?

A. He asked me if I wanted to go to work for S.I. Industries in Piketon, Ohio and I said yes.

Q. Who does this gentlemen work for?

A. S.I. Industries.

Q. Did you sign any contract?

A. No. I used to work with him before when he had his own company. I worked with him as a laborer. He needed laborers out there and he called me and asked me if I wanted to work and I went to work with him.

Although Mr. McMichael denied the conversation, the referee accepted the claimant's testimony as credible.

The record supports the referee's finding that the place where the claimant accepted the employer's offer of employment was in Pennsylvania. Hence, the claimant has fulfilled the first requirement of section 305.2(a)(2) of the Act.

2. Employment Not Principally Localized in Any State

■ The second requirement of section 305.2(a)(2) of the Act requires the claimant to prove that he entered into a contract for employment not principally localized in any state.

To determine whether a claimant's employment is principally localized in this or another state, section 305.2(d)(4) is relevant. This section provides:

(4) A person's employment is principally localized in this or another state when (i) his employer has a place of business in this or such other state and he regularly works at or from such place of business, or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

The record indicates that the employer's main office is located in Bridgeville, Pennsylvania and that the employer operates in North Carolina, South Carolina, West Virginia and Ohio. During his employment with the employer, the claimant continued to reside in Pennsylvania.

The employer contends that the initial contract for hire was for employment only in Piketon, Ohio, and that, because the employer actually terminated the claimant upon completion of the Piketon job, the claimant failed to prove that he worked under contract of hire for employment not localized in any state.

However, the testimony of Mr. McMichael supports the referee's finding that the employer hired the claimant for work in Piketon, Ohio and for any other sites where workers with his qualifications were needed. Mr. McMichael testified as follows:

Q. Now when Steve Zon was hired as a laborer at the Piketon site, was he hired specifically for employment at only the Piketon, Ohio job site?

A. Until we got other work. That is the only job that we really had going on at that time that needed people.

In *Oliveri v. Workmen's Compensation Appeal Board,* 117 Pa.Commonwealth Ct. 144, 542 A.2d 658 (1988), the manager of a local plumber's union, in Pennsylvania, contacted the claimant informing him that the New York local of the union was advertising for plumbers to work at a nuclear power plant in New York, being built by the employer. The claimant arrived in New York and reported to the local union. There-

after, the claimant went to the employer's construction site, filled out the necessary employment papers and commenced working for the employer. Three months later, the claimant suffered a heart attack while performing plumbing work.

Although the claimant argued that the contract of employment occurred in Pennsylvania rather than New York, as found by the referee, this court did not address that issue because we agreed with the Board's conclusion that the claimant's employment was principally localized in New York.

Unlike the present case, there was no dispute in *Oliveri* as to the point that the employer hired the claimant only for the nuclear power plant in New York. In this case, evidence supports the referee's finding that that an ongoing relationship existed between the claimant and the employer.

In *Taylor v. Workmen's Compensation Appeal Board,* 117 Pa.Commonwealth Ct. 188, 543 A.2d 219 (1988), this court determined that an ongoing employment relationship existed between the claimant and the owner. In that case, the owner of Ace Installers, Inc. and Beacon Contractors, Inc., hired the claimant in Pennsylvania to perform work for Ace in Virginia. The owner informed the claimant that additional work would become available. Thereafter, the owner, on behalf of Beacon, contacted the claimant in Pennsylvania informing him of a job in Texas. While in Texas, the claimant accepted another job in Miami, Florida. While in Miami, Beacon offered the claimant another job in Marco Island, Florida. Thereafter, the claimant suffered an injury while working in Marco Island.

The facts in that case indicated that the owner paid for the claimant's living expenses at all of the various locations. Additionally, the claimant received a weekly salary whether he worked or not. Based on the record, this court determined that both companies were controlled by the same owner, and that once hired in Pennsylvania, the owner shifted the claimant from job to job as needed—hence the ongoing relationship.

In the present case, as previously stated, although the employer's superintendent initially hired the claimant for the Piketon, Ohio, the parties contemplated that the claimant

would work at other sites. The ongoing employment relationship is evidenced by the claimant's employment with the employer from August, 1985 until March, 1986, at various sites located in Ohio and Pennsylvania. Additionally, although the employer's personnel records indicate that the claimant was terminated after each job and subsequently rehired, Mr. McMichael testified that new paperwork is completed at each site because the employer has a separate corporation in every state in which it operates. Mr. McMichael stated that the personnel status records are kept by the employer to track days worked by employees' for unemployment compensation purposes.

Additionally, Mr. McMichael characterized the claimant's departure as a layoff. The following testimony is relevant:

Q. And these documents document the fact that an employee's employment has been terminated and the reason for the termination, is that correct?

A. Yes.

MR. McFARLAND: I am offering this as evidence relating to the fact that the claimant's employment terminated—

REFEREE LAUGHLIN: This tells me that the claimant's employment was terminated on 11–16–85, is that what it is?

MR. McFARLAND: As part of a reduction in force, that's correct.

REFEREE LAUGHLIN: In other words, he was laid off?

MR. McMICHAEL: Yes.

We agree with the board that substantial evidence exists to prove that the claimant, at the time of his injury, worked for the employer under a contract of hire made in Pennsylvania for employment not principally localized in any state. Accordingly, the decision of the board is affirmed.

### ORDER

NOW, July 29, 1992, the decision of the Workmen's Compensation Appeal Board at No. A90–1196, dated August 7, 1991, is affirmed.