**Dale W. ATKINS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (GEO–CON, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 26, 1994.

Decided Dec. 15, 1994.

Karen Hassinger, for petitioner.

Roy F. Walters, Jr. and James A. Mazzotta, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Dale W. Atkins (claimant) appeals an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision dismissing claimant's claim petition.

Claimant filed a claim petition alleging the occurrence of a work-related injury on April 24, 1992, while in the employ of Geo–Con, Inc., (employer) as an operating mechanic. Claimant alleged that he fell and struck a piece of machinery which resulted in bruised ribs and pneumonia. The claim petition stated that the injury occurred in Columbus, Georgia and that notice was given to claimant's acting superintendent on the date of injury.

Employer filed a timely answer denying the allegations of the claim petition. After two hearings, the referee made the following relevant findings of fact:

5. The initial hearing was held before your Referee on October 22, 1992, at which time claimant testified that he was using a high pressure hose on April 24, 1992 when the hose became tangled and he fell sustaining the injuries which are alleged. He maintained that the incident was witnessed and that his supervisor took him to the hospital in Columbus, Georgia. He was treated for bruised ribs at that facility, but then saw a Dr. Kilpatrick at Mon Valley Hospital in Pennsylvania. He was advised not to return to work by that physician.

On May 4, 1992, claimant awoke in the middle of the night with difficulty breathing. He was admitted at Mon Valley Hospital for four days and diagnosed with pneumonia. He thereafter returned to work on June 24, 1992 and has worked regularly.

On cross-examination, claimant stated that he was hired in Pennsylvania, but that the alleged injury occurred in Georgia. It was his understanding that he would be working out of state and in other jurisdictions inasmuch as he was hired on a "per job basis".

Claimant also acknowledged that the injury was to the left rib area, but that the pneumonia apparently affected the right lower lobe of the lung.

Claimant submitted various medical records from Dr. Kilpatrick and the Emergency Center in Columbus, Georgia. Your Referee notes that the note from the Emergency Center is dated April 24 and it only indicates that claimant is to "restrict activity" for 48 hours. This restriction appears to be on the basis of the rib injury not the pneumonia problem. The August 6, 1992 report of Dr. Kilpatrick indicates that claimant was unable to clear the respiratory secretions in his lungs because of pain due to the bruised ribs. This is the reason why he developed pneumonia and treatment with antibiotics was necessary. Dr. Kilpatrick acknowledges a return to work as of June 24, 1992.

6. Defendant submitted records from Mon Valley Hospital and included therein is chest x-ray of May 4, 1992. This indicates that the left lung is clear, but that the right middle and lower lobe contain infiltrates (pneumonia). Your Referee notes that the claimant acknowledged, and the record from Mon Valley Hospital confirm, that the injury was to the left posterior ribs.

7. Claimant's counsel made a request for the assessment of counsel fees, interest and penalties, for which the defendant requested an additional hearing. This was granted and the final hearing was held December 7, 1992, at which time claimant testified that his home office in Monroeville and that he was employed at that location. He worked therefore [sic] four years but would frequently be sent to other states for employment on a periodic and temporary basis. He stated that his com-

pany does not maintain any offices in Georgia but that his work was to be performed in Georgia at the time of his injury.

8. Based upon a review of all the evidence, your Referee rejects the medical evidence submitted by the claimant and finds that a compensable work injury has not occurred. Claimant testified that he fell and bruised his left ribs, and the defendant has been unable to rebut the actual occurrence of the incident. However, the claimant's evidence fails to substantiate any period of disability connected with this purely physical injury. Claimant does allege the development of pneumonia due to the bruised ribs, but this statement of opinion is rejected as not credible. The medical evidence indicates that claimant was off work due to the pneumonia rather than the bruised ribs. Accordingly, you Referee finds as a fact that a compensable injury has not occurred.

9. The defendant's medical evidence is accepted insofar as claimant's bruised ribs occurred on the left, but the pneumonia was present on the right lung. This is inconsistent with the reasoning of Dr. Kilpatrick that the bruised ribs caused claimant to be unable to clear his respiratory secretions.

10. Your Referee also finds as a fact that claimant was hired in the sate [sic] of Pennsylvania based upon claimant's testimony. However, under Section 305.2 of the Act, his employment was "principally localized" in the state of Georgia. Claimant acknowledged that he was specifically going to perform work in Georgia for his employer at the time of his injury. Although he maintained working out of Monroeville, PA., his work was centered in Georgia at the time of his injury. Under Section 305.2(a)(3), the Pennsylvania Workmen's Compensation Act would apply if claimant is working under a contract of hire made in Pennsylvania with employment principally localized in another state whose workers' compensation law is not applicable to this employer. There has

been no evidence presented by the claimant that the workers' compensation law in the sate [sic] of Georgia is inapplicable in this case. The incident occurred in that state and your Referee takes judicial notice of the fact that Georgia would therefore have jurisdiction.

Your Referee also finds that claimant's employment is not principally localized in Pennsylvania. He was also not working in employment outside the United States and Canada.

Based upon the above findings of fact, the referee concluded that (1) claimant failed to sustain his burden of proof on a claim petition inasmuch as substantial, competent medical evidence was not believed by the referee to support an award of benefits; (2) the worker's compensation law in the state of Georgia would apply and Pennsylvania has no jurisdiction to grant claimant's benefits; (3) no other provisions of section 305.2 of the Act apply so as to bring claimant's claim within the jurisdiction of the state of Pennsylvania; and (4) employer's contest was reasonable and there was no violation of the Act or regulations.

■ Claimant appealed to the board which affirmed the referee's decision. This appeal followed.[1]

On appeal, claimant raises the following issues for our review:

1. Whether an employer who fails to raise lack of jurisdiction in their answer to a claim petition and fails to appear at any hearings to offer testimony, may assert lack of jurisdiction at a workers' compensation hearing;

2. Whether Pennsylvania has jurisdiction when an employer maintains its principal place of business in Pennsylvania, hires an employee in Pennsylvania, but sends him to a temporary location for a temporary job;

3. Whether the referee erred in concluding that claimant's pneumonia was not secondary to his work-related injury and,

---

**1.** This court's scope of review is to determine if constitutional rights have been violated, an error of law has been made, or necessary findings of fact are not supported by substantial evidence.

*Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

therefore, compensable when claimant's treating physician's report indicates that claimant's injury to his ribs subsequently caused his pneumonia; and

4. Whether employer unreasonably contested this claim and, therefore, should be penalized?

▮ With regard to the first issue, claimant argues that employer should be estopped from raising lack of jurisdiction because (1) employer failed to raise the issue in a notice of denial to claimant or in its answer to claimant's claim petition; and (2) employer failed to appear at any hearings before the referee to offer testimony. We disagree.

▮ This court has noted that section 305.2 of The Pennsylvania Workmen's Compensation Act (Act)[2] is clearly a means of establishing subject matter jurisdiction for the workmen's compensation authorities; therefore, objections to jurisdiction under this section may be raised at any time during the proceedings. *General Electric Co. v. Workmen's Compensation Appeal Board (Sporio),* 150 Pa.Commonwealth Ct. 119, 120 n. 2, 615 A.2d 833, 834 n. 2, *petition for allowance of appeal denied,* 533 Pa. 663, 625 A.2d 1196 (1992).

▮ The record in this case reveals that employer, through its counsel, raised the issue of jurisdiction before the referee at the first hearing held on October 22, 1992. *See* Reproduced Record (R.), p. 18a. The fact that employer did not personally appear before the referee to present any evidence with regard to the issue of jurisdiction is of no consequence. Claimant bore the burden of proof and it was employer's choice whether to offer any evidence in rebuttal. *See George Liko Co. v. Workmen's Compensation Appeal Board (Stripay),* 151 Pa.Commonwealth Ct. 163, 616 A.2d 197 (1992).

▮ Next, claimant argues that Pennsylvania has jurisdiction over his claim as his employment was principally localized in Pennsylvania and not in Georgia. To invoke jurisdiction for an out-of-state injury, a claimant must fall within the extraterritorial-

ity provisions of section 305.2 of the Act. Section 305.2 provides, in part, as follows:

(a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he ... would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe ... shall be entitled to the benefits provided by this act, provided that at the time of such injury:

(1) His employment is principally localized in this State, or

(2) He is working under a contract of hire made in this State in employment not principally localized in any state, or

(3) He is working under a contract of hire made in this State in employment principally localized in another state whose workmen's compensation law is not applicable to his employer, or

(4) He is working under a contract of hire made in this State for employment outside the United States and Canada.

77 P.S. § 411.2(a).

Section 305.2(d)(4) of the Act defines the term "principally localized" as used in section 305.2 as:

(4) A person's employment is principally localized in this or another state when (i) his employer has a place of business in this or such other state and he regularly works at or from such place of business, or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

77 P.S. § 441.2(d)(4).

▮ To support his argument that his employment was principally localized in Pennsylvania, claimant contends that (1) he worked primarily in Pennsylvania and would occasionally be sent to job sites outside of Pennsylvania, if employer ordered him to do so; (2) employer did not have an office located in Georgia; (3) employer continued to pay claimant out of its Monroeville office and

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411.2.

continued complete control over claimant; and (4) when claimant was not recalled to work after his accident, he collected unemployment benefits from the Commonwealth of Pennsylvania.

■ Pursuant to section 305.2(d)(4), for claimant's employment to be principally localized in Pennsylvania, he must show that pursuant to subsection (i), he regularly worked *at* or *from* employer's Monroeville office. *Root v. Workmen's Compensation Appeal Board (U.S. Plywood Corp.)*, 161 Pa.Commonwealth Ct. 291, 636 A.2d 1263 (1994). In order to establish such, claimant must prove that he worked from the Pennsylvania location as a rule, not as the exception. *Id.*

Contrary to claimant's assertion on appeal that he only occasionally would be sent to job sites outside of Pennsylvania, a review of the record reveals that claimant testified that of the time that he spent working for employer, he spent an equal amount of time working in Pennsylvania as well as other states. R., p. 15a. Based on this testimony, the referee found that claimant would frequently be sent to other states for employment on a periodic and temporary basis. Finding of Fact No. 7. Therefore, claimant has failed to prove that he worked from employer's Monroeville location as a rule. Accordingly, the referee did not err in finding that claimant's employment was not principally localized in Pennsylvania.

■ This brings us to the question of whether the referee erred in determining that claimant's employment was principally localized in Georgia. We believe that the referee did err in that the referee's findings and the record evidence support the conclusion that claimant was working under a contract of hire made in Pennsylvania in employ-

ment not principally localized in any state.[3] *See* Section 305.2(a)(2).

In *S.I. Industries v. Workmen's Compensation Appeal Board (Zon)*, 149 Pa.Commonwealth Ct. 441, 613 A.2d 170 (1992), *petition for allowance of appeal denied*, 534 Pa. 644, 626 A.2d 1161 (1993), this court held that a worker's employment with a construction company was not principally localized in any state. The worker was hired by a construction company whose main office was located in Bridgeville, Pennsylvania. Employer also operated in North Carolina, South Carolina, West Virginia and Ohio. The evidence presented proved that the worker was hired for a construction job in Ohio and for any other sites where employees with the worker's qualifications were needed.

In addition, the employer and the worker had an ongoing employment relationship as the worker was employed steadily at various sites for a period of seven months. Although the employer's records indicated that the worker was terminated after each job and then rehired, the employer testified that the personnel records were kept in this manner for unemployment compensation purposes.

We believe that the present case is very similar to the situation in *S.I. Industries.* Claimant testified at the first hearing that he was hired initially to work wherever employer needed him whether that was in Pennsylvania or out of state. R., p. 15a. Claimant reiterated this testimony at the second hearing when he testified that he was hired on a per job basis and that he was to be sent to different areas all over the United States. R., p. 30a.

Although claimant testified that he was hired on a per job basis, it is clear from the record evidence that claimant and employer had an ongoing employment relationship. In

**3.** Although claimant did not raise in his appeal to the board the question of whether his employment was not principally localized in any state pursuant to section 305.2(a)(2), this issue is not waived on appeal to this court because it is a jurisdictional question regarding the subject matter jurisdiction of the workers' compensation authorities that this court must consider pursuant to Pa.R.A.P. 1551((a)(2). *See Rice v. Workmen's Compensation Appeal Board (Rockwell International)*, 138 Pa.Commonwealth Ct. 555, 588 A.2d

1011 (1991); *Gateway School District v. Department of Education*, 126 Pa.Commonwealth Ct. 256, 559 A.2d 118 (1989); *Department of Education v. Maskaly*, 123 Pa.Commonwealth Ct. 272, 554 A.2d 146 (1989).

Claimant does argue in his brief that Pennsylvania has jurisdiction over his claim pursuant to section 305.2(a)(2) and cites *S.I. Industries v. Workmen's Compensation Appeal Board (Zon)*, 149 Pa.Commonwealth Ct. 441, 613 A.2d 170 (1992), in support of his argument.

order to consider what are usually distinct jobs as a single period of employment, there must be evidence of an ongoing employment relationship. *Taylor v. Workmen's Compensation Appeal Board (Ace Installers, Inc.)*, 117 Pa.Commonwealth Ct. 188, 543 A.2d 219 (1988).

There is evidence in this case of an ongoing employment relationship. Claimant testified that although he was considered part time he has worked continuously for employer since his date of hire, and the referee found that claimant has worked for employer for four years. Finding of Fact No. 7; R., p. 15a.

Employer did not present any evidence to indicate that claimant was terminated and rehired after each job assignment. Although claimant testified that he was required to have a physical prior to each job, he explained that the reason for such a requirement was that he worked with contaminants and the purpose of the physical was to make sure he was healthy enough to wear respirators and suits. R., p. 17a.

Based on the foregoing facts, the referee erred in concluding that claimant's employment was principally localized in Georgia, based on the fact that his employment was centered in Georgia at the time of the alleged work-related injury. Accordingly, claimant is eligible for compensation under section 305.2(a)(2) of the Act as he was working under a contract of hire made in Pennsylvania in employment not principally localized in any state.

■ Since Pennsylvania has jurisdiction over the grant or denial of benefits to claimant under the Act, we must address whether the referee's determination that claimant failed to sustain his burden of proof on the claim petition due to lack of substantial, competent medical evidence is supported by substantial evidence. We believe the referee's determination is based upon substantial evidence.

■ Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clous-*

*er)*, 114 Pa.Commonwealth Ct. 382, 539 A.2d 11 (1988). It is well settled that the referee is the ultimate fact finder in worker's compensation cases and, as such, has exclusive province over questions of evidentiary weight and credibility and may reject or accept the testimony of any witness, including a medical witness, in whole or in part. *General Electric v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Commonwealth Ct. 461, 593 A.2d 921 (1991).

Both claimant and employer presented medical evidence with respect to claimant's alleged work-related injury. The referee rejected claimant's medical evidence as incredible and found that a compensable work injury had not occurred. The referee accepted as credible employer's medical evidence insofar as claimant's bruised ribs occurred on the left, but the pneumonia was present on the right lung. As stated above, these credibility determinations were well within the province of the referee and will not be disturbed by this court on appeal.

Finally, claimant argues that employer had no reasonable basis to contest this claim and, therefore, must pay a penalty. Pursuant to section 440 of the Act, 77 P.S. § 996, a claimant is entitled to costs and attorneys' fees when the matter at issue has been finally determined in his or her favor, provided, that cost for attorney fees may be excluded when a reasonable basis for the contest has been established. In the present case, the matter at issue has not been finally determined in claimant's favor; therefore, we need not address whether employer had a reasonable basis to contest claimant's claim. *See Vovericz v. Workmen's Compensation Appeal Board*, 41 Pa.Commonwealth Ct. 94, 398 A.2d 734 (1979); *Yates v. Workmen's Compensation Appeal Board*, 38 Pa.Commonwealth Ct. 409, 393 A.2d 516 (1978) (claimant must be awarded compensation before the issue of costs and attorney fees arises).

Accordingly, the order of the board is affirmed.

### ORDER

NOW, this 15th day of December, 1994, the order of the Workmen's Compensation

Appeal Board, dated March 1, 1994, at No. A93–0397, is affirmed in accordance with the foregoing opinion.