IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Grasso,                           :
               Petitioner                :
                                                   :
       v.                                    :     No. 1520 C.D. 2023
                                                   :     Submitted: December 9, 2024
Siegel Distributing Company, Inc.         :
(Workers' Compensation Appeal Board),     :
               Respondent                :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MATTHEW S. WOLF, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH              FILED: January 8, 2025

          Kenneth Grasso (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) mailed December 5, 2023, affirming the Workers' Compensation Judge's (WCJ) decision to dismiss his claim petition filed under the Pennsylvania Workers' Compensation Act[1] for lack of jurisdiction. After careful review, we affirm.

## I. Background

          The relevant facts and procedural history of this case are as follows. On May 12, 2022, Claimant filed a claim petition alleging that he sustained a cumulative

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710 (the Act).

injury to his low back during the course of his employment as the Director of Customer Education for Siegel Distributing Company, Inc. (Employer), a company that supplies engine additives to the automotive industry. Claimant's duties included travel, and he averred that his injury was caused by prolonged driving over long distances in heavy traffic that resulted in total disability as of March 8, 2022. Employer filed an answer to the claim petition contending that Pennsylvania lacked jurisdiction over the matter and that the case should properly be brought in New Jersey. The proceedings were bifurcated to determine the preliminary issue of jurisdiction.

The WCJ held a hearing on September 6, 2022, at which the testimony reflected that Claimant worked remotely from his home in Pine Brook, New Jersey, and that he began working for Employer in 2014. (Reproduced Record (R.R.) at 19a, 106a.) Employer has an office in Breinigsville, Pennsylvania, located about two hours from Claimant's home, and Claimant travelled to that office approximately once per month to attend sales meetings or to pick up supplies. (R.R. at 21a, 26a.) Employer introduced into evidence the New Employee Agreement (Agreement) Claimant signed in the Breinigsville office in February of 2014, which covers matters including confidentiality, non-competition, and business ideas. The Agreement includes a remedies clause stating:

> **REMEDIES**: I acknowledge that it would be extremely difficult to measure the damages that might result from any breach by me of this [Agreement], and that a breach may cause irreparable injury to [Employer] which could not be compensated by money damages. Accordingly, [Employer] will be entitled to enforce this [A]greement by obtaining a court order prohibiting me (and any others involved) from breaching this [A]greement. If a court decides that any part of this [A]greement is not enforceable, the rest of this [A]greement will not be affected. If a court decides that any part of this [A]greement is too broad, the court may limit that

2

part and enforce it as limited.  **This [A]greement will be governed by Pennsylvania law, and in any lawsuit involving this [A]greement, I consent to the jurisdiction and venue of any state or federal court located in Pennsylvania**.  If any action or dispute arises related to or as a result of this Agreement, the prevailing party shall be entitled to recover court costs and reasonable, actual fees of attorneys and professional assistants (whether in court or out), through all appellate levels and in any administrative or other proceeding(s).

(R.R. at 143a) (emphasis added).  Notably, the Agreement does not identify Claimant's workplace location and it contains no language addressing workers' compensation matters.

The WCJ dismissed Claimant's claim petition for lack of jurisdiction by Decision entered January 17, 2023.  In doing so, the WCJ found that (1) Claimant resided in New Jersey; (2) the driving that allegedly caused his injury occurred largely, if not entirely, in New Jersey; and (3) although Employer has an office in Breinigsville, Pennsylvania, Claimant did not show that he regularly worked at or from that office.  The WCJ further explained:

> Claimant may have signed the [ ] Agreement in Pennsylvania and had tangential contacts with Pennsylvania over the years, but Claimant's employment cannot be said to be principally located in Pennsylvania.  In fact, the testimony establishes that Claimant's principal place of employment is in New Jersey.  Claimant's chart documenting his time spent working on Pennsylvania work is not found to be credible based on Claimant's admission that the preparation and follow-up time was conducted from his home office in New Jersey.  Claimant admitted that he did not apply for workers' compensation benefits in New Jersey, so Claimant has not met his burden of showing that the New Jersey's workers' compensation benefits were not available.
> . . . .

3

> This adjudicator does not have jurisdiction over the Claimant's Claim Petition as Claimant's employment is principally located in New Jersey, the alleged injury occurred in New Jersey, and Claimant has not established that the New Jersey workers' compensation benefits are not available to him.

(R.R. at 150a-51a.)

Claimant appealed to the Board, which affirmed the WCJ's determination, explaining:

> Claimant had the burden of proving that Pennsylvania has jurisdiction over his workers' compensation claim through the extraterritorial provisions found in Section 305.2(a) of the Act [, added by the Act of December 5, 1974, P.L. 782.]  The critical issue was where Claimant's employment was principally localized, and the WCJ properly applied the holdings [of relevant caselaw] to the facts of this case.  The WCJ considered Claimant's chart which purported to show that he spent more time working in Pennsylvania than in New Jersey or in New York, but rejected it as not credible.  Instead, the WCJ relied upon the testimony presented in this case, which demonstrated that Claimant lived in New Jersey and did most of his work there.  Claimant came to Pennsylvania on occasion to attend meetings or pick up supplies, but his presence at [Employer's] Pennsylvania office was the exception, not the rule.  Claimant also had calls with his boss each morning, where Claimant was in New Jersey and his boss was in Pennsylvania, but these contacts are insufficient to qualify as working at or from [Employer's] Pennsylvania location.  The evidence supports the WCJ's determination that Claimant's employment was principally localized in New Jersey, not Pennsylvania.  Under the circumstances, pursuant to Section 305.2(a)(3), Pennsylvania could have jurisdiction only if Claimant proved that New Jersey's workers' compensation law is not applicable to [Employer].  However, Claimant acknowledged that he did not file a claim in New Jersey, and

4

the Board observes that he did not otherwise attempt to prove that New Jersey's workers' compensation law is not applicable here.

In his appeal to the Board, Claimant asserts that a written agreement can establish jurisdiction, and he actually has an employment contract with [Employer], agreeing to use Pennsylvania law. The [Agreement] signed by Claimant and submitted into evidence by [Employer] discusses such matters as non-competition, confidentiality, business ideas, and termination of employment. The clause setting out remedies for breach of the [A]greement states that the [A]greement will be governed by Pennsylvania law. A reading of the entire [Agreement] reveals that it does not purport to encompass all aspects of the employment relationship between Claimant and [Employer] does not specify where Claimant's employment was localized, nor does it mention workers' compensation or state that any workers' compensation matters will be governed by Pennsylvania law. Therefore, as a matter of law, the [Agreement] is not an employment contract establishing jurisdiction in Pennsylvania for workers' compensation purposes.

(R.R. at 163a-64a) (citations omitted).

This appeal followed.[2]

## II. Analysis

Claimant challenges the dismissal of his claim petition for lack of jurisdiction where he was working pursuant to the Agreement, which required that, in any lawsuit, Pennsylvania jurisdiction must apply. According to Claimant, the WCJ and the Board summarily dismissed the Agreement as not pertinent and improperly

---

[2] "Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, and whether constitutional rights were violated." *McDermott v. Workers' Compensation Appeal Board (Brand Industrial Services, Inc.)*, 204 A.3d 549, 554 (Pa. Cmwlth. 2019).

based its jurisdictional determination on the extraterritorial provisions of the Act. (Claimant's Br. at 10-14.)

We begin by observing that, where a work injury occurs outside of Pennsylvania, as was the case here, the claimant bears the burden of proving that Pennsylvania has jurisdiction over his claim through the Act's extraterritorial provisions. *Williams v. Workers' Compensation Appeal Board (POHL Transportation)*, 4 A.3d 742, 745 (Pa. Cmwlth. 2010). Section 305.2(a) of the Act sets forth these provisions and provides in pertinent part:

> **Injuries occurring extraterritorially**
>
> (a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this act, provided that at the time of such injury:
>
> (1) His employment is principally localized in this State, or
>
> (2) He is working under a contract of hire made in this State in employment not principally localized in any state, or
>
> (3) He is working under a contract of hire made in this State in employment principally localized in another state whose workmen's compensation law is not applicable to his employer, or
>
> (4) He is working under a contract of hire made in this State for employment outside the United States and Canada.

77 P.S. § 411.2(a)(1)-(4). Section 305.2(d)(4) of the Act defines the term "principally localized" as:

(4) A person's employment is principally localized in this or another state when (i) his employer has a place of business in this or such other state and he regularly works at or from such place of business, or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

77 P.S. § 411.2(d)(4).

"Pursuant to Section 305.2(d)(4), for claimant's employment to be principally localized in Pennsylvania, he must show that pursuant to subsection (i), he regularly worked at or from [the] employer's [Pennsylvania] office." *Atkins v. Workmen's Compensation Appeal Board (Geo-Con, Inc.)*, 651 A.2d 694, 699 (Pa. Cmwlth. 1994). In order to demonstrate this, the claimant must establish that he worked from the employer's Pennsylvania location as the rule, not as an exception. *Id.*

This definitional language for "principally localized" is supplemented by "Section 305.2(d)(5), sanctioning agreements designating the principal localization of employment under certain circumstances. *See* 77 P.S. § 411.2(d)(5)." *McIlvaine Trucking, Inc. v. Workers' Compensation Appeal Board (States)*, 810 A.2d 1280, 1284 (Pa. 2002). This section provides that: "An employe whose duties require him to travel regularly in the service of his employer in this and one or more other states may, **by written agreement with his employer, provide that his employment is principally localized in this or another such state**, and, unless such other state refuses jurisdiction, such agreement shall be given effect under this act." 77 P.S. § 411.2(d)(5) (emphasis added).

Instantly, Claimant contends the issue of his principal employment location is governed by the express terms of the Agreement, which he maintains provides for Pennsylvania jurisdiction in all legal matters arising between himself and

7

Employer. As noted, the pertinent language is included in the remedies clause of the Agreement and states: "**This [A]greement will be governed by Pennsylvania law**, and in **any lawsuit involving this [A]greement**, I consent to the jurisdiction and venue of any state or federal court located in Pennsylvania." (R.R. at 143) (emphasis added). Relying on *Watt v. Workers' Compensation Appeal Board (Boyd Brothers Transportation)*, 123 A.3d 1155 (Pa. Cmwlth. 2015), Claimant avers that this language constitutes a binding choice of law provision requiring litigation of this workers' compensation claim in Pennsylvania.

In *Watt*, the claimant, an interstate truck driver and a Pennsylvania resident, filed a claim petition seeking benefits under the Act against his employer relating to a work injury that occurred in New Jersey. The WCJ dismissed the claim petition for lack of jurisdiction and the Board affirmed. During the proceedings, the claimant contended that his employment contract, which stated his employment was principally localized in Alabama, was unenforceable as against public policy.

In opposition to the claim petition, the employer introduced into evidence the employment agreement signed by the parties in which they agreed:

> [t]hat they are subject to **the worker's compensation laws of the State of Alabama**. In addition, they agreed that [the e]mployer is a qualified self-insured pursuant to the regulations of the Alabama Department of Industrial Relations and, as such, administers **all worker's compensation claims from its Worker's Compensation Offices in Clayton, Alabama**. They further agreed [the c]laimant was hired in Clayton, Alabama after completing the appropriate interview, driving examination, written examination, physical examination and any other pre-employment requirements. . . . [The e]mployer and [the c]laimant agreed all workers' compensation claims for on-the-job injuries "**shall be exclusively governed by the workers' compensation laws of the State of Alabama**.

8

> **Further, [the] claimant agree[d] with [the] employer that, for purposes of worker's compensation, [the] claimant's employment is principally localized within the state of Alabama and that the company's principle [sic] place of business is Clayton, Alabama.** [The c]laimant's place of residence shall have no effect on the [workers' compensation] Agreement.

*Id.* at 1158 (record citations omitted; emphasis added). In light of the clear terms of this employment agreement, the *Watt* Court concluded the WCJ did not err in relying on it in determining the claimant's employment was principally localized in Alabama.

Here, in contrast, the Agreement does not specify where Claimant's employment was principally localized, nor does it state that workers' compensation matters will be governed by Pennsylvania law. In fact, the Agreement does not mention workers' compensation issues at all and is silent on this matter. Rather, the plain terms of the remedies clause at issue governs breaches arising from that Agreement itself—which, again, **does not cover** workers' compensation claims. Claimant's reliance on *Watt* is therefore misplaced.

Claimant additionally cites *McIlvaine Trucking, Inc.* to support his claim. *McIlvaine* involved a claimant injured **in Pennsylvania** while employed as a truck driver by a company headquartered in Ohio, and operating primarily in Ohio, Pennsylvania, Virginia, and West Virginia. At hire, the claimant signed an agreement to be bound by the workers' compensation laws of West Virginia should he suffer a work-related injury. The *McIlvaine* Court, in declining to enforce the choice of law provision in the employment agreement, recognized that Pennsylvania has a fundamental policy interest in applying the Act to in-state injuries. 810 A.2d at 1286 (*See also* Section 101 of the Act, 77 P.S. § 1) (providing that the Act "shall apply to all injuries occurring within this Commonwealth"). We find the holding in *McIlvaine* inapposite to the instant case, because Claimant's injury occurred in New Jersey, not

9

in Pennsylvania, and the Agreement did not include any provision specifically addressing workers' compensation matters.

For these reasons, we discern no error in the WCJ's determination that Pennsylvania lacked jurisdiction over Claimant's workers' compensation matter and conclude that his claim petition was properly dismissed pursuant to the extraterritorial provisions of the Act. Accordingly, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Grasso, :
                Petitioner :
        :
       v. : No. 1520 C.D. 2023
        :
Siegel Distributing Company, Inc. :
(Workers' Compensation Appeal Board), :
              Respondent :

## _**ORDER**_

AND NOW, this 8th day of January, 2025, the Order of the Workers' Compensation Appeal Board, dated December 5, 2023, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge