Workmen's Compensation Appeal Board and Joseph A. Colabella, t/a Coronet Trading Co. & Sorrento Italian Imports *v.* Charles D. Phillips, Appellant.

Submitted on briefs, February 4, 1977, to Judges KRAMER, ROGERS and BLATT sitting as a panel of three.

*Robert A. Freedberg,* for appellant.

*Fredric C. Jacobs,* for appellee, Colabella.

OPINION BY JUDGE KRAMER, April 20, 1977:

This is an appeal by Charles D. Phillips (Phillips) from an Order of the Workmen's Compensation Appeal Board (Board), dated June 10, 1976. The order affirms a referee's denial of benefits to Phillips for lack of an employer-employe relationship as required under Section 104 of The Pennsylvania Workmen's

Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §22.

Phillips is a professional sign painter offering his services under the name of C. Phillips Sign Service. The record shows that he occasionally painted signs and performed various repair work for Joseph A. Colabella, t/a Coronet Trading Company and Sorrento Italian Imports (Colabella). On August 6, 1971, Phillips fell from a ladder while repairing the roof of Colabella's business premises and sustained a broken hip and other injuries. He filed a claim petition on June 2, 1972. Following two remands by the Board, a referee dismissed the petition. He concluded, in the alternative, that Phillips was not an employe of Colabella, but if he was, the relationship was casual in nature and not in the regular course of Colabella's business. The Board affirmed on the basis that there was no employe-employer relationship and Phillips appealed. As we affirm the Board's determination, we need not discuss the alternative reason offered by the referee.

Phillips, as claimant, had the burden of showing that at the time of the injury, an employe-employer relationship existed. *Barr v. B & B Camper Sales,* 7 Pa. Commonwealth Ct. 323, 300 A.2d 304 (1973). As the referee found that Phillips did not sustain this burden, we are limited to ascertaining whether or not constitutional rights were violated, an error of law was committed, or there has been a capricious disregard of competent evidence. *Cole Steel Equipment Corp. v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 454, 322 A.2d 743 (1974).

In determining whether a relationship should be characterized as employer-employe, no one fact is dispositive. Rather, the peculiar facts of each case are examined to determine whether the various indicia commonly associated with a master-servant re-

lationship are more prevalent than not. *See Hollen v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 209, 321 A.2d 733 (1974). To this effect, the referee found: (1) that Phillips did not specify an hourly charge for his labor nor were his charges consistent with an hourly rate; (2) there was no agreement between the parties that Phillips was to be Colabella's handyman; (3) there was no specific agreement as to the rate Phillips would receive for fixing the roof; (4) Colabella did not have the right to control when the roof repair would be done by Phillips; (5) Phillips' tax return for the year in which the accident occurred indicates that he is self-employed; (6) Phillips provided and used his own tools; and (7) Colabella did not carry Phillips on his payroll, deduct withholding tax, or pay social security benefits.

Phillips argues that these findings by the referee are in capricious disregard of the testimony offered by both parties. We find this contention to be without merit. Our examination of the record reveals conflicting competent evidence as to each finding. For example, although Colabella did state that there was an hourly arrangement, there is sufficient evidence for a reasonable man to conclude that this statement meant no more than that he was billed according to the time Phillips put in on the job, but no specific rate was ever established or charged. This is clearly demonstrated by Phillips' testimony discussing the repair of a truck window for Colabella. He stated that he worked six or seven hours but only charged five dollars for his labor. He explained this by saying that there wasn't sufficient time to finish the job; therefore he could not charge him for a finished job. Such a statement demonstrates an attitude contrary to an hourly rate agreement as is commonly viewed in a master-servant relationship.

So as not to belabor the point further, it is sufficient to state that it is for the referee to weigh the evidence, resolve conflicts in the testimony, and determine the credibility of witnesses in such hearings. *See Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Finding no capricious disregard of competent evidence, we must affirm.

## ORDER

AND Now, this 20th day of April, 1977, the Order of the Workmen's Compensation Appeal Board, dated June 10, 1976, dismissing the petition of Charles D. Phillips is affirmed.