575 A.2d 656

**KRUMINS ROOFING & SIDING and Tom Manion, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LIBBY AND STATE WORKMEN'S INSURANCE FUND), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 16, 1990.

Decided May 17, 1990.

212

Thomas E. Coval, Clover & Coval, Willow Grove, for petitioners.

Martin N. Ghen, Doylestown, for respondent, Wayne Libby.

John C. Jackson, with him, Mitchell I. Golding, LaBrum and Doak, Philadelphia, for intervenor, Pennsylvania Nat. Mut. Ins. Co.

Before CRAIG and DOYLE, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

Krumins Roofing & Siding (Krumins) and Thomas Manion (Manion) appeal from an order of the Workmen's Compensation Appeal Board (Board) which affirmed in part and reversed in part an order of the referee.

Wayne Libby (Libby), the claimant, was injured when he fell from a roof while installing shingles, breaking his wrist in the fall. Libby filed a claim petition, alleging that he was employed by both Manion and Krumins for purposes of The Pennsylvania Workmen's Compensation Act[1]. Following hearings, the referee found that Libby had been disabled from the time of the fall until he returned to work for another employer some fifteen months after the work related accident. The referee granted Libby's claim petition filed against Manion but dismissed the claim petition filed against Krumins. The referee also awarded counsel fees and litigation costs against Manion pursuant to Section 440 of the Act, finding that Manion had not presented a reasonable contest. Both Libby and Manion appealed. The Board affirmed on Manion's appeal. As to Libby's appeal, the Board concluded that Krumins was also Libby's employer for purposes of the Act; the Board therefore reversed the referee's dismissal of Libby's claim petition against Krumins. The Board also held that both Manion and Krumins were liable for Libby's attorneys' fees, having failed to present a reasonable contest. Manion and Krumins have appealed to us.

The employers raise a number of issues on this appeal. The primary arguments presented are that Libby failed to prove that either Manion or Krumins were his employer for purposes of the Act.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

Libby testified that around the time of the injury, he normally would walk to Manion's house. The pair would then go to the place of business of Krumins. While Libby would have a cup of coffee, Manion would talk with Andrew Krumins and receive work orders, out of earshot of Libby. Manion, Libby and other workers would then pick up roofing materials and proceed to the job site as Andrew Krumins had directed. Libby also testified that he was paid in cash at a rate of six dollars per hour. According to his testimony, Krumins would issue Manion a check every Friday, Manion would cash the check and then distribute cash to Libby and his co-workers. Based upon this testimony of Libby, the Board, unlike the referee, concluded that Krumins was a statutory employer and therefore responsible for providing benefits pursuant to Sections 105 [2], 203 [3] and 302(b) [4] of the Act.

Krumins argues that the Board erred in reversing the referee and concluding that Krumins was Libby's employer, since the record contains no evidence to support a necessary finding that it had actual control over the premises where the work was being done. Manion, who is represented by the same attorney as Krumins, argues that the record does not support the referee's conclusion that he was Libby's employer. This argument is based on the principle that the payment of wages is not controlling in determining who is an injured worker's employer. In support thereof, Manion cites *L. Guizzetti & Son v. Workmen's Compensation Appeal Board (Corum)*, 38 Pa. Commonwealth Ct. 410, 395 A.2d 590 (1978). Before proceeding further, a brief review of statutory law concerning the concept of "statutory employer" is in order.

Section 203 of the Act provides:

An employer who permits the entry upon premises *occupied by him or under his control* of a laborer or an assistant hired by an employe or contractor, for the

2. 77 P.S. § 25.
3. 77 P.S. § 52.
4. 77 P.S. § 462.

performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe. (Emphasis added.)

77 P.S. § 52. Section 302(b), in essentially the same language, provides for such liability on the part of an employer

[U]nless such hiring employe or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided in this act. Any employer or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from another person if the latter is primarily liable.

77 P.S. § 462 (Supp.1989–90). Finally, Section 105 of the Act provides:

The term 'contractor' as used in [77 P.S. § 52 and 77 P.S. § 462] shall not include a contractor engaged in an independent business, *other than that of supplying laborers or assistants,* in which he serves persons other than the employer in whose service the injury occurs, but shall include a subcontractor to whom a principal contractor has sublet any part of the work which such principal contractor has undertaken.

77 P.S. § 25 (Supp.1989–90) (emphasis added.)

██ Under these sections of the Act, Krumins would be liable for claimant's injury if (1) it either occupied or was in control of the premises where the roofing job was being completed and (2) Manion was either an employee of Krumins or a contractor hired by Krumins (3) doing a part of Krumins's regular business. If, in fact, Manion is a contractor, Krumins would be liable if either (1) Manion supplied only laborers or assistants or (2) Manion was working pursuant to a subcontract with Krumins where the latter had a contract to install the roof in question. Unfortunately, on the factual findings of the referee and the record before us, we are unable to answer a number of crucial questions. Accordingly, we will remand.

As previously mentioned, Libby testified and explained that both Manion and Krumins were involved in the roofing job when he was injured. In the referee's decision, not one factual finding mentions even the existence of Krumins. The referee did find that Manion was Libby's employer. We believe that finding is supported by substantial evidence. The test for substantial evidence is "whether the evidence is such that a reasonable person, acting reasonably, might reach the same conclusion on the facts as did those authorities." *Hershey Estates v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 470, 472, 308 A.2d 637, 638 (1973). Furthermore, the party who prevailed before the referee is entitled to the benefit of all favorable inferences that can be drawn from the evidence. *Workmen's Compensation Appeal Board v. Thomas V. Ferrick, Inc.,* 23 Pa Commonwealth Ct. 591, 353 A.2d 490 (1976). Finally, unless the board chooses to hear additional evidence, the referee is the ultimate fact finder in workmen's compensation cases. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

In *Workmen's Compensation Appeal Board v. Phillips,* 29 Pa. Commonwealth Ct. 613, 615–16, 372 A.2d 63, 64 (1977), we stated, "In determining whether a relationship should be characterized as employer-employe, no one fact is dispositive. Rather, the peculiar facts of each case are examined to determine whether the various indicia commonly associated with the master-servant relationship are more prevalent than not." The referee specifically found credible claimant's testimony that he was paid by Manion and transported to the job site in a truck carrying the logo "Tom Manion Roofing". In his answer to Libby's claim petition, Manion alleged that claimant was an independent contractor. There is not one iota of evidence in this record which would tend to prove Manion's allegation. Furthermore, under any commonly accepted understanding of the employer-employee relationship, the evidence here shows that claimant was an employee of Manion. Manion argues that

the mere payment of wages is insufficient of itself to prove that relationship, relying upon *Guizzetti*. While we did state there that the payment of wages was not the controlling factor, that language must be taken in the context of that case. The employer there supplied equipment and laborers to empty mushroom houses. The owners of the mushroom houses wrote two checks upon completion of the services, one to the employer and another to the foreman which was cashed and used to pay the laborers. The employer argued because the owner of the mushroom houses paid the laborers, the owners were the employers for compensation purposes. We rejected that argument, stating that other indicia of the employer-employee relationship were sufficient to establish the relationship despite the fact that someone other than the employer actually paid the employee. Suffice it to say that in the present case, there is enough evidence to establish that Manion was Libby's employer. To the extent that the order of the Board holds as such, it is affirmed.

As there can be more than one employer for purposes of the Act, we must next discuss Krumins' argument that the Board erred in holding that it was also an employer. Were the Board the fact finder in this case, we could also affirm that portion of its order which holds that Krumins was also Libby's employer, albeit actually or statutorily. Libby's testimony showed that Krumins supplied materials for the roofing job, gave directions to Manion and also supplied the money which was used to pay Libby. Considering this evidence and the reasonable inference deducible therefrom, a finding that Krumins had actual control over the premises would be supported by the record. The Board, however, not having taken additional evidence, was not empowered to engage in the fact finding process. As Libby did offer sufficient evidence to establish that Krumins was an employer for purposes of the Act, a remand is necessitated for the fact finder to make findings concerning that evidence.

Both Manion and Krumins argue that a claimant may not file claim petitions against a number of alleged

employers and force those alleged employers to prove who is or is not an employer. In support thereof, they cite *Phillips* for the proposition that the burden is on Libby to establish the employment relationship. That case, however, involves the question of whether the injured worker was an employee or an independent contractor. The burden is clearly on Libby to establish that he is an employee. In the present case, Libby has met his burden of proving that he was an employee and not an independent contractor. We feel compelled to point out that Libby should not be penalized for not knowing the intricacies of the relationship between Manion and Krumins, especially where those parties have been less than candid. Therefore, on remand, it will be necessary to take evidence concerning said relationship. Further, we must know who, in fact, signed the contract to install the roof in question. Only after these facts are known can we exercise effective appellate review. As the Act is remedial in nature, we cannot accept the actions of Manion and Krumins, both represented by the same attorney, in failing to offer evidence in this regard, especially after Libby has established that he was employed, and not an independent contractor.

Both Manion & Krumins argue that the referee's finding that claimant was disabled until February of 1985 is not supported by substantial evidence. Libby's medical expert so testified and that testimony constitutes the requisite substantial evidence.

In the joint brief of Manion & Krumins, it is argued that the award of attorney's fees was improper. It is difficult to tell on whose behalf the argument is made. Because of the confusion surrounding this entire case, we will make no determination at this point as to the propriety of awarding such fees. After the remand, the fact finder can then decide the question of the reasonableness of the contest as to any party or parties found to be liable for payment of compensation. Should there be further appeals, we can decide that question at the time of any such further appeals.

■ One final question must be discussed. Krumins argues that the referee erred in refusing to join the Pennsylvania State Workers' Insurance Fund. At the time this claim petition was filed, Libby named as defendants Manion, Krumins and Krumins Supply Co. Inc. In its original answer, the two Krumins parties answered that the proper name of Krumins was Krumins Supply Co. Inc. Krumins then filed another answer which made no mention of the difference between the two, although it is now alleged that the two are separate entities. Krumins Supply Co. Inc. is insured by the Pennsylvania National Mutual Casualty Insurance Co. Krumins is allegedly insured by the Pennsylvania State Workers' Insurance Fund. At the time of the closing of the record in July of 1986, Krumins moved for the joinder of its alleged insurer. The referee denied the motion, stating:

> Insofar as his motion to join the State Fund at this time, I'm closing the record. I can't prohibit any action from being taken, but the parties have indicated there is no further evidence to be presented on the merits of the case; and I think the claimant, should his claim be compensable, in view of the long period of time that has already expired, would be seriously prejudiced if the matter were to remain open so that further joinder might be made, particularly since counsel was aware since at least October 7, 1985, that there would have been I think an obligation on the part of the defendants to have seen to it that joinder petitions were filed, actually filed, even though the letter of January 17, 1986, gives the impression that the claims manager of Pennsylvania National believed that the joinder had taken place.

> In addition, I believe that the relief should be asserted should this claim be found to be compensable in other proceedings, and in addition State Fund may have had an independent obligation to come in themselves once this letter of October 7, 1985 was forwarded.

> In any event, I'm not going to further delay the disposition of this case, and that is my ruling.

(Notes of testimony, July 24, 1986, pp. 33–34). We do not believe the referee abused his discretion in this regard. Accordingly, Krumins's allegation of error is without merit.[5]

## ORDER

NOW, May 17, 1990, the order of the Workmen's Compensation Appeal Board, dated September 24, 1989, at No. A–94498 is affirmed insofar as it holds that Thomas Manion was liable to the claimant Wayne Libby. In all other regards, the order is vacated and the matter is remanded for further hearings consistent with this opinion.

Jurisdiction relinquished.

---

**5.** The Board dismissed Krumins Supply Co. Inc. from the case. No one has alleged that the Board's action was error. Krumins Supply Co. Inc. has filed a brief in this case, arguing that the Board's action in this regard must be affirmed, basing its argument on a theory of waiver. Because of all of the confusion in this case, we will not address this assertion, leaving that question for a further day should that question arise in the future.